CASE 2—INDICTMENT—SEPTEMBER 22.

## Commonwealth v. Clifford.

APPEAL FROM LINCOLN CIRCUIT COURT.

To CONSTITUTE THE OFFENSE OF EMBEZZLEMENT it is not necessary that the owner should consign directly to the person who takes and appropriates the money or property, it being sufficient if the accused, being intrusted therewith, and in lawful possession thereof, fraudulently takes and carries away such personal property with felonious intent to appropriate it to his own use. Therefore, where money is intrusted to an express company for transportation, an agent of the company to whose hands the money comes while in transit is guilty of embezzlement if he converts it to his own use.

Commonwealth v. Clifford.

W. J. HENDRICK, Attorney-General, for appellant.

1. Indictment good. `(Bishop's Criminal Procedure, vol. 2, secs. 314, 321, 331–343.)

2. Adams Express Company is a common carrier. (Chapter 29, art. 12, sec. 2, General Statutes; Barclay v. Breckinridge, 4 Metcalfe, 374; Johnson v. Commonwealth, 5 Bush, 430; Warmoth v. Commonwealth, 81 Ky., 136.)

J. S. OWSLEY, JR., on same side.

1. Indictment sufficient. (1203 Kentucky Statutes.)

2. The local agent of an express company is guilty of embezzlement if he converts to his own use money intrusted to the company for transportation. (Johnson v. Commonwealth, 5 Bush, 430.)

JUDGE LEWIS delivered the opinion of the court.

The question on this appeal by the Commonwealth is, whether the lower court properly sustained a demurrer to the following indictment: "The grand jury * accuse Frank L. Clifford of the crime of embezzlement, committed as follows: The said Frank L. Clifford, * on — day of May, 1892, and before finding of this indictment, being a servant in the employment of the Adams Express Company, at Stanford, a co partnership authorized to do business and doing business as a common carrier of packages of money, goods and other things of value, did fraudulently and feloniously convert to his own use one hundred dollars, * * which said money thus appropriated had been intrusted to said Adams Express Company at Dallas, Texas, to be conveyed by it to Stanford, and delivered at said place to one M. E. Hulett, the owner, and entitled to possession of the same. But said Clifford, who was the servant and local agent of said Adams Express Company at Stanford, received said package, which was conveyed by said company to Stanford, and

intrusted to said Clifford as agent aforesaid, to be delivered to said Hulett, and the said Clifford failed and refused to deliver said package to said Hulett, and fraudulently embezzled and converted same to his own use," &c.

Embezzlement, as defined in Bishop on Criminal Law, section 567, upon authority of numerous cases cited, is a sort of statutory larceny committed by servants and other like persons where there is a trust reposed, and, therefore, no trespass, so that the act would not be larceny at the common law. And in Bouvier's Law Dictionary, volume 1, page 586, it is said in relation to various statutes in this country and England on the subject: "The general object of these statutes doubtless was to embrace as criminal offenses, punishable by law, certain cases where, although the moral guilt was quite as severe as in larceny, yet the technical objection arising from the fact of a possession lawfully acquired by the party screened him from punishment."

The distinction between the two offenses, and reason for making what is called embezzlement punishable by statute being so plain, the simple inquiry in this case is, whether the offense, as charged, is provided against in section 1203, Kentucky Statutes, as follows: "If any carrier, porter or other person to whom money or other property or thing which may be the subject of larceny, may be delivered to be carried for hire, or any other person who may be intrusted with such property, embezzles or fraudulently convert to his own use, either in mass or otherwise, before delivery thereof, at the place or to the person to whom the same were to be

Commonwealth v. Clifford.

delivered, he shall be confined in the penitentiary not less than one nor more than five years."

It seems to us all the essential conditions of a complete offense under that section are stated in the indictment. It is alleged the accused wrongfully and fraudulently took and carried away the property of another, with felonious intent to convert it to his use, which would have constituted larceny, but for the fact the money was intrusted to him to be delivered to the owner, that made the act *embezzlement* described in and made punishable by the statute referred to.

It does not seem to us at all necessary that the owner should consign directly to the person who takes and appropriates the money or property in order to make a complete offense, it being sufficient if the accused, being intrusted therewith, and in lawful possession thereof, fraudulently takes and carries away such personal property with felonious intent to appropriate it to his own use. Otherwise, servants and agents, who have better opportunity to commit, and more frequently commit, the offense in question than any other class of persons, would in nearly every case escape. In our opinion it was error to sustain demurrer to the indictment, and the judgment is reversed and case remanded, that the demurrer be overruled, and other proceedings consistent with this opinion be taken.