CASE 58.—ACTION BY PETER EICHMAN'S COMMITTEE AGAINST THE SOUTH COVINGTON & CINCINNATI STREET RY. CO.—Sept. 27.

# Eichman's Committee v. South Cov. & Cin. Street Ry. Co.

Appeal from Kenton Circuit Court.

W. McD SHAW, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1. Jury—Impaneling..—Ky. Stats., 1903, Secs. 2241-2244, relate to the selection and impaneling of juries, and were re-enacted by Sess. Acts, 1906, p. 519, c. 156, with certain alterations, which made service on a regular jury within a year previous a new ground of challenge, and provided for a drawing in open court by the judge of the names of jurors from the jury wheel. Held, that the amendment, which went into effect June 11, 1906, did not annul the selection of existing juries drawn under the statute before amendment, though such parts of the amended statute as required no further time to put them into operation, such as the right to challenge a juror on the ground that he had served on a regular panel within a year previous, became fully effective on June 11, 1906.

2. Same—Challenges to Panel—Practice.—Challenges to the panel should precede poll challenges.

3. Same—Objections—Waiver.—Unless seasonably made, objections to the panel, as well as to the polls, are deemed waived.

BYRNE & READ and ROBERT C. SIMMONS, attorneys for appellant.

Legislatures, in passing acts regulating procedure, wherein provisions of other acts constituting substantial advantages, are taken away, sometimes provide by saving clause that incomplete or unfinished proceedings shall not be affected by such repeal. In the absence of a saving clause, however, such rights or advantages are taken away and lost. In the case at bar an improvement in the law is made; a right is granted, not taken away, and it is sought to withhold this right from the litigant after the law goes into effect, by requiring him to go through the mockery of a trial under a dead law. The only excuse presented for this post mortem vitilization of a statute, which had been tossed on the legislative scrap heap, is that in the interest of a speedy trial, the court ought to deny a legal jury to a litigant by reading into the law a saving clause omitted by the legislature. The absurdity of this position is apparent when the necessity of frequent postponements of trials is called to mind. If either side in this cause had presented sufficient grounds for a continuance because of the absence of material witnesses, a postponement for weeks, or possibly for months, would hardly have been considered a grievous hardship, much less an injustice by the opposing side. Such trifling inconvenience cannot be urged as a reason for ignoring the plain provision of a statute conferring a vital right.

### AUTHORITIES CITED.

Sutherland Stat. Cons., Sec. 225; Sutherland Stat. Cons., Sec. 111; Cov. & Cin. Bridge Co. v. Smith, 25 Ky. Law Rep. 2292; S. Cov. & Cin. St. Rwy. Co. v. Schilling, 26 Ky. Law Rep. 1; Curtis v. Commonwealth, 22 Ky. Law Rep. 267; State ex. rel. Maurice v. Judge Superior District Court, 30 La. Ann. 603; State v. Bradley, 48 Conn. 535; Thompson, Trials, Sec. 37; Powell v. People, 5 Hun. 169.

ERNST, CASSETT & McDOUGALL and T. H. PAYNTER, attorneys for appellee.

### CLASSIFICATION.

1. The panel from which the jury in this case was selected was lawfully drawn and acting at the time of the trial, and the jury was properly selected therefrom. Stone, Auditor, v. Saunders, 106 Ky., 904; Decision of Judge Field; Section 985, Kentucky Statutes; Sinking Fund Commissioners v. George, 104 Ky., 260.

2. The objection to the entire panel was made too late. Thompson on Trials, Sec. 91; Bridge Co. v. Smith, 25 Ky. Law Rep., 2292; Street Railway Co. v. Schilling, 26 Ky. Law Rep., 1; Curtis v. Commonwealth, 23 Ky. Law Rep. 267.

### ADDITIONAL AUTHORITIES.

Cyc. Law and Procedure, vol. 24, pp. 311, 324, 330; Ency. Pleading and Practice, vol. 12, pp. 418, 424; Mueller v. Rebham, 94 Ill., 146.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
Affirming.

An amendment to sections 2241, 2242, 2243, and 2244, Ky. St. 1903, was adopted at the 1906 session of the Legislature without an emergency clause (chapter 156, p. 519, Sess. Acts 1906), and therefore went into effect 90 days after the adjournment of the session (section 51, Const.), or on June 11, 1906. Sections 2241-2244, Ky. St. 1903, are parts of the laws of the State regulating the selection and impaneling of juries. The amendment re-enacted those sections with certain alterations. The only changes that affect this case are those pertaining to the venire for the term, or in courts of continuous session, for the specified parts of terms, and the grounds for challenge. The Kenton circuit court was in session on and prior to June 11, 1906, on which latter date this case had been set down for trial. Though called then, its trial was not begun till the following day, when, the parties announcing ready, a panel of 18 jurors who had been previously selected and summoned as part of the standing and regular jury for the term, under the existing statute, came around for examination. Being questioned, two were excused upon the challenge of the plaintiff (appellant) upon the ground that they had served upon a regular jury

within a year previous—a new ground of challenge made by the amendment. The panel was filled and found qualified and offered to the parties that they might exercise their peremptory challenges. Thereupon appellant for the first time interposed an objection to the entire panel upon the ground that it had not been selected in accordance with the provisions of the act of 1906. His objection and challenge to the panel was overruled, and he excepted. Not being satisfied with the verdict and judgment, he prosecutes this appeal from the judgment overruling his motion for new trial, and asks a reversal upon the sole ground that the trial court erred in overruling his challenge to the panel. His contention is that the act of 1906 became the law on June 11, 1906, repealing the sections amended by it, and annulled the selection of all existing juries which had been drawn under the statute before the amendment.

The fact is the amendment re-enacted the sections of the statute, providing as new matter for a drawing in open court by the judge of the names of jurors from the jury wheel, and giving a new cause for challenging a juror. The law regulating the selection of juries was not altered in other respects in material degree. Nor do the amended sections show a legislative purpose to suspend for any time the trial by jury in courts in session when the amendment became a law, until the amended sections could be put into practical effect. Some time must necessarily elapse under the terms of the amendment before it could become effective. In the meantime, the juries already selected might be used by the courts. Such parts of the amended statute as required no further time to put them into operation, as, for example, the right to challenge a juror on the ground that he had served

upon a regular panel within a year previous, became fully effective on June 11, 1906.

We will add, lest a failure to do so might be misconstrued into approval of the practice, that the objection to the panel came too late, in any event. Challenges to the panel should precede poll challenges. Unless seasonably made, the objections to the panel, as well as to the polls, are deemed to have been waived.

Judgment affirmed.