## East Tennessee Telephone Co. v. Bowen.

(Decided May 24, 1911.)

## Appeal from Franklin Circuit Court.

1. Personal Injury—Burning Hand—Excessive Recovery—Question of Passion or Prejudice of Jury—A recovery for $2,583 for a severe burn in the hand which entailed great suffering, and to some extent permanently impaired the use of the hand, is not so excessive as to indicate passion or prejudice on the part of the jury.

2. Master and Servant—Injury to Servant—Risk of Servant—A servant who acts under the immediate direction of his superior may recover unless the danger was so great that a man of ordinary prudence situated as he was would not have taken the risk.

IRA JULIAN for appellant.

HAZELRIGG & HAZELRIGG and GUY H. BRIGGS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

William Bowen was in the employment of the East
Tennessee Telephone Company, putting up a cable on
Second street in the city of Frankfort, Herman Great-
house being the foreman of the gang. Greathouse told
Bowen to go up a pole and to clear a primary so as to
take the old cable down. There were 890 feet of it to
take down. Bowen took a hand line and tied it to the
wire of the Capital Gas and Electric Light Company, so
that he could pull the wire out of the way of the cable.
He pulled the wire up to a step and could not pull it any
further by the hand line. He then said to Greathouse,
"It ought not to be on this step." Greathouse said, "No,
take it down." He said to Greathouse, "My hand line is
fouled, and I can't take this hand line off without taking
hold of it with my hand." Greathouse then said, "All
right, there is nothing in it; it has all been cut off down
at the bridge." Bowen took hold of the wire with his
hand, and could not let it loose, the electricity with which
the wire was charged burning his hand very badly.
They finally got him loose from the wire and took him
down from the pole, but he had sustained a severe in-
jury which caused him much suffering and resulted in
a permanent impairment of the use of the hand. After his
injury the piece of wire that he had taken hold of was
cut off and this showed that the insulation on it had worn
off at one point so that the wire was exposed. He
brought this suit against both companies to recover for
his injury. On a trial of the case in the circuit court he
recovered a judgment against the Electric Light Com-
pany for $1,000, and against the Telephone Company
for $1,583. The Electric Light Company did not appeal;
but the Telephone Company has prosecuted the appeal
before us.

It is insisted that the verdict is excessive as the
only permanent injury shown is in the contraction of the
tendons so as to draw one finger toward the palm of
the hand and render this bent finger permanently stiff.
But he suffered very intensely and in view of his suffer-
ings, and the injury to his hand we can not say that the
verdict is so excessive as to indicate passion or preju-
dice.

It is also insisted that the instructions given by the court are involved, confusing and misleading. The instructions defining the plaintiff's right to recover against the appellant are as follows:

"(1) If the jury believe from the evidence that the wire of the Capital Gas and Electric Light Company which was touched by the plaintiff and which caused his injury was not insulated or protected in such a way as to render it reasonably safe for a person to come in contact with it, and if they further believe from the evidence that the foreman under whom the plaintiff was working directed the plaintiff to lift or move said wire with his hand or hands, and if they further believe from the evidence that said foreman knew or could have known by the exercise of that degree of care that a person of ordinary prudence would usually exercise under similar circumstances, that it was dangerous to lift or move said wire with the hand, and if they further believe from the evidence that the plaintiff in obedience to such direction from the foreman attempted to move or lift said wire with his hand or hands and was thereby injured, and if they further believe from the evidence that the plaintiff did not, at the time he attempted to lift or move said wire with his hand or hands, know of the danger and could not have known it by exercising the degree of care that a person of ordinary prudence would usually exercise under similar circumstances, or if they believe from the believe as stated in the second instruction, find for the plaintiff against the defendant, the East Tennessee Telephone Company (Here follows a statement of the facts warranting a recovery against the Electric Light Company).

(2) If the jury believe from the evidence that the plaintiff knew at the time he attempted to lift or move the wire with his hand or hands that it was dangerous, or could have known it by exercising the degree of care that a person of ordinary prudence would usually exercise under similar circumstances, of if they believe from the evidence that the plaintiff failed to exercise that degree of care for his own safety that a person of ordinary prudence would usually exercise under similar circumstances, and that but for such failure on his part he would not have been injured, or if they believe from the evidence that the plaintiff was not directed by the fore-

man to lift or move the wire with his hand or hands, but undertook to do so of his own accord, the jury should find for the defendant, the East Tennessee Telephone Company; but if the jury believe from the evidence that the foreman under whom the plaintiff was working directed him to lift or move the wire with his hand or hands, and further believe from the evidence that the plaintiff did so in obedience to such a direction from the foreman, they should not find against the plaintiff for the defendant, the East Tennessee Telephone Company, on the ground that the plaintiff knew or could have known of the danger by exercising the degree of care defined in the first part of this instruction, unless they further believe from the evidence that the danger in lifting or moving the wire with the hand was so plain and obvious that a man of ordinary prudence and intelligence having the knowledge of the danger that the plaintiff had, or could have had, by using the degree of care above defined, would have disobeyed such a direction under the circumstances.''

We do not see that in view of the evidence the jury could have been mislead by the instructions or could have misunderstood them. The foreman denied telling Bowen to take hold of the wire with his hand or telling him that the current was cut off. But Bowen's testimony was sustained by other witnesses. The issue was so simple that we can not see how the jury could have misunderstood it. The plaintiff could not recover under the first instruction unless the foreman under whom he was working directed him to lift or move the wire with his hand; and if the foreman did so direct him then under the second instruction, the plaintiff could not recover if the danger in lifting or moving the wire with the hand was so plain and obvious that a man of ordinary prudence having a knowledge of the business that the plaintiff had, and using ordinary care, would have disobeyed the direction. The servant who acts under the immediate orders of his superior, especially when he is assured by the superior that there is no danger, stands very differently from one acting on his own judgment and without any specific orders to do the thing which results in his injury. In such a case the servant may recover unless the danger was so imminent that a man of ordinary prudence would not have undertaken it.

The defendant asked the court to give this instruction which was refused:

"If the jury believe from the evidence that defendant, East Tennessee Telephone Company, furnish the plaintiff with proper appliances for the removal of the charged wire of the Electric Light Company out of the way of the cable, which was being cut, with safety to himself, and plaintiff carelessly failed to use such appliances and was thereby injured they should find for the defendant, East Tennessee Telephone Company."

The instruction was properly refused as it entirely leaves out of view the specific order to Bowen from the foreman to take hold of the wire with his hand. If the foreman ordered him to do the work in this way, it can not be said that he was negligent in obeying the orders of the foreman, unless the danger was so imminent that a man of ordinary prudence would not have undertaken it and this was fairly submitted to the jury by the instructions which the court gave. While the evidence is conflicting we can not say that the verdict is so against the evidence as to indicate passion or prejudice on the part of the jury.

Judgment affirmed.