## Mutual Wheel Company v. Meaders.

(Decided March 5, 1912.)

### Appeal from McCracken Circuit Court.

Verdict—Question Whether so Excessive as to Indicate Prejudice and Passion on Part of Jury.—In an action to recover damages for personal injury, the only question was as to whether the verdict was excessive and whether it resulted from prejudice and passion on the part of the jury.  Held, That from an examination of the evidence and authorities cited it cannot be said the verdict was excessive.

WHEELER & HUGHES for appellant.

HENDRICK & CRICE and F. N. BURNS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellee, as an employe of appellant, was engaged in manufacturing timber into spokes, etc.  To do this,

he had to use machinery, the description of which is not necessary for this opinion. It was alleged that the machinery was defective; that it was out of repair; that appellee had called appellant's attention to its condition; that appellant had promised to repair it, and that relying upon this promise appellee continued to work with the machinery for a short time and was injured. He sued for and recovered a judgment of $2,000, and appellant appeals.

Appellant does not claim that there ought to have been a peremptory instruction given in its behalf; nor does it contend that the instructions given were erroneous, or that there was not sufficient evidence to authorize the jury to find for appellee. The only question raised by appellant, and the only one necessary to be considered, is: Is the amount of recovery so excessive that it shows prejudice and passion on the part of the jury?

It is shown in the testimony that, while appellee was operating the machine, his left hand came in contact with a saw by reason of some defect in the machine; that the bones in the second and third fingers were sawed entirely in two and that the flesh was cut on the forefinger into the bone; that the injury was very painful at the time and was so at the time of the trial; that he had no use of it at the time of the trial; that the middle and third fingers were both stiff; that the middle finger is crooked over towards the forefinger about forty-five degrees and the third finger is crooked towards the middle finger about thirty degrees. Dr. Parsons was called immediately after the accident to dress the injury and he called Dr. Boyd to aid him. Dr. Parsons waited on him about two weeks and then Dr. Pendley took charge of the case. Neither Parsons nor Boyd were called as witnesses. Dr. J. W. Pendley was the only physician who testified as to the nature and extent of appellee's injury, and he did not begin waiting on appellee until about two weeks after the accident. He testified with reference to the nature and extent of the injury, as follows:

"Q. When you were called what did you observe in respect to his injuries?"

"A. Three fingers in a bad condition, cut and not healed yet."

"Q. Three fingers?"

"A. Yes, the bone sticking out of one of them and the fingers crooked and out of position."

"Q. Well—"

"A. And useless."

"Q. What are the condition of the fingers now?"

"A. Bad condition."

"Q. How much was the bone sticking out?"

"A. It was the finger bone, hardly as big as a lead pencil."

"Q. Have these bones knitted?"

"A. They have not."

"Q. What position does the bone occupy now?"

"A. One end sticks up."

"Q. Was the injury permanent or otherwise?"

"A. Permanent."

Appellee received the injury in April, 1911, and the trial was had in June, 1911, and the physician's testimony shows that his hand was in a useless condition at the time of the trial and was permanently injured.

In the case of East Tenn. Telephone & Telegraph Co. v. Bowen, 143 Ky., 777, the injury which Bowen received consisted of a severe burn which entailed great suffering and, to some extent, permanently impaired the use of his hand, and this court held that a verdict for $2,583 was not so excessive as to indicate passion or prejudice on the part of the jury. In the case of Louisville Cooperage Co. v. Farmer, By, &c., 33 Ky. Law Rep., this court upheld a verdict and judgment for $3,500, which was awarded a boy for injuries received whole working at a machine, something similar to the case at bar. The boy's hand came in contact with a saw and was cut clear across, and the tendons thereof partially severed. The court said:

"The boy was only 11 years of age. He had a natural expectancy of life of about 40 years. Several physicians testified that the boy's injury was permanent; one was of the opinion that the injury received would diminish the use of his right hand to the extent of, at least, fifty per cent. Under these circumstances, we are unable to say that a verdict of $3,500 is so excessive as to justify the conclusion that it was the result of passion or prejudice on the part of the jury."

In the case at bar, appellee was twenty-two years of age. The hand was in the condition described by the physician, which shows that it was useless and permanently injured. In the case of Yellow Poplar Lumber Co. v. Ford, By., &c., 141 Ky., 5, this court, in sustaining

a finding for $1,400 and discussing the question under consideration, said:

"Lastly, it is insisted that the recovery is excessive. The proof is uncontradicted that the thumb is stiff and shrunken, and that the power to grasp anything with that hand is much impaired or practically destroyed. Ford was earning $1.50 a day at the time, and at the trial, nine months thereafter, was in the condition we have indicated. He had been able to do little or no work in the meantime, and the testimony of the physician was to the effect that his injuries were permanent. We can not say, therefore, that the amount recovered is excessive."

In the case at bar, according to the testimony, appellee had not been able to use his hand since the injury. Its use was totally destroyed. It appears to us that it would have been better for appellee that the two fingers referred to had been entirely severed. Under the authorities referred to, we can not say that the verdict was excessive.

Judgment affirmed.