### Hunt v. Callihan.

(Decided June 19, 1925.)

### Appeal from Boyd Circuit Court.

1. Jury—Challenges to Array Must Precede Poll Challenges.— Challenges to array must precede poll challenges.

2. Appeal and Error—Appellant Cannot Urge Failure to Discover Illegal Number of Bystanders on Panel Until Just Before Moving to Discharge it.—Defendant is charged with notice of information in records, and hence cannot urge on appeal, in support of challenge to array after poll challenges, that he did not discover that there was illegal number of bystanders on panel until just before moving to discharge it.

3. Trial—Refusal of Instruction, Covered by Instruction Given, Not Prejudicial Error.—Refusal of instruction, embodying idea contained in instruction given, is not prejudicial error.

4. Damages—Instruction Permitting Recovery for Loss of Time and Impairment of Earning Power During Same Period Erroneous.—Instruction permitting recovery for loss of time, as well as impairment of earning power during same period, held erroneous.

5. Appeal and Error—No Reversal for Instruction Permitting Recovery of Unauthorized Item of Damages, Disproportionate in Amount to Cost of Retrial.—Where verdict is amply sustained by evidence, even though item of damages, erroneously authorized by instruction, was entirely eliminated, and such item is small and out of all proportion to cost of retrial, such instruction will not warrant reversal.

6. Damages—$1,032.64 for Injuries to Kidneys, Eye, Finger Nails, and Knee, Resulting Pain and Suffering, and Loss of Time from Work, Held Not so Excessive as to Show Passion and Prejudice.—$1,032.64 for injuries to kidneys, eye, finger nails, and knee, with resulting pain and suffering, and loss of five months' time from work, held not so excessive as to show passion and prejudice, though evidence of permanency of injuries was not entirely satisfactory, and plaintiff was able to earn more money than before in different line of work.

J. B. ADAMSON for appellant.

JOHN W. WOODS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

To reverse a verdict and judgment in favor of appellee in the sum of $1,032.64, awarded him on account of injuries and property damage sustained by him in a collision between his motorcycle on which he was riding at the time and appellant's automobile, the latter brings this appeal.

Three grounds are urged for a reversal, the first of which relates to the constitution of the jury selected to try this case. When it was called for trial, the parties were presented with the names of eighteen jurors by the clerk. After appellant and appellee had exercised their peremptory challenges and only twelve jurors remained, and just before they were sworn to try the case, appellant moved to discharge the entire panel, which motion the court overruled. The appellant based this motion on these facts. On the first day of the term of the court at which this case was tried, the sheriff was directed by

the court to summons seven bystanders to serve as petit jurors at that term of court. This the sheriff did, and these seven men were impaneled as members of the petit jury for that term. In some way or other not quite apparent from the record, four other bystanders were later summoned and put on the panel prior to the calling of this case for trial. Although it may be conceded that the action of the court in placing these bystanders on the petit jury was in violation of section 2247 of the Kentucky Statutes, and that had appellant made seasonable objection to the panel, the court should have sustained it, yet it is well settled in this jurisdiction that challenges to the array must precede poll challenges. In Eichman's Committee v. South Covington and Cincinnati St. Ry. Co., 126 Ky. 519, 104 S. W. 316, this court, in passing on a question similar to the one before us, said:

> "We will add, lest a failure to do so might be misconstrued into approval of the practice, that the objection to the panel came too late, in any event. Challenges to the panel should precede poll challenges. Unless seasonably made, the objections to the panel, as well as to the polls, are deemed to have been waived."

See also Continental Coal Corp. v. Cole's Admr., 155 Ky. 139, 159 S. W. 668. Appellant concedes this rule as a fundamental proposition but insists that inasmuch as he did not discover the fact that there was an illegal number of bystanders on the panel until just before he made his motion to discharge it, he cannot be said to have waived his right to challenge the array. In answer to this, the record shows that the appellant discovered all about these bystanders from the orders of the court, which were of record long before this case was called for trial. No reason is advanced as to why appellant did not discover these facts sooner then he did. He is clearly charged with notice of the information which the records carried, and hence cannot be heard to say that he did not know about these bystanders when his case was called for trial. Therefore, under the Eichman case, *supra,* it is clear that there is no merit in appellant's first contention.

Appellant next complains because the court failed to give to the jury an instruction offered by him regarding

the right of way at the point of collision. The idea embodied in the offered instruction was given by instruction No. 2, and hence there was no prejudicial error in this connection.

So far as the instruction on the measure of damages is concerned, it is true that it was erroneous in that it permitted the appellee to recover for his loss of time, and also to recover for any permanent impairment of his power to earn money during the same period. However, in the instructions the recovery for lost time was limited to $75.00. The evidence in this case would amply sustain the verdict were this item of lost time entirely eliminated. In the case of C., N. O. & T. P. Ry. Co. v. Veatch, 162 Ky. 136, 172 S. W. 89, this court said:

> "It has been many times held that a judgment will not be reversed for a trivial excess in the amount thereof, where the cost of another trial would exceed the reduction to which appellant would be entitled." See also Malone v. Keith, 205 Ky. 711, 266 S. W. 831; Kappa v. Brewer, 207 Ky. 61, 268 S. W. 381.

It is obvious that where the verdict would be amply sustained by the evidence were the complained of item of damages entirely eliminated, and where that item is small and out of all proportion to the cost of a retrial of the case, an instruction permitting such recovery, though erroneous, will not warrant a reversal. And such is the case here.

Lastly it is contended that the damages awarded were excessive. It is shown that as a result of this accident, appellant suffered a great deal from his kidneys, that his eye was badly injured, that his finger nails were torn off; one of the fingers made stiff; that his knee was hurt, and at the time of the trial, some five or six years after the accident, still bore the scars, and gave pain when appellant walked. Appellant was kept out of his work for some five months on account of the injuries received in this case. Although it is true that the evidence as to the permanency of his injuries is not entirely satisfactory, and that he is now able in a different line of work to earn more money than he was earning at the time of the accident, yet under the decisions of this court we cannot say that the compensation awarded him for the pain and suffering he did endure was so excessive as to convince us that it was awarded as a result of passion

and prejudice. East Tenn. Tel. Co. v. Bowen, 143 Ky. 777, 137 S. W. 523; Interstate Coal Co. v. Addington, 149 Ky. 120, 148 S. W. 43; Yellow Poplar Lumber Co. v. Ford, 141 Ky. 5, 131 S. W. 1010.

Perceiving no error prejudicial to the substantial rights of appellant, the judgment is affirmed.