## Morgan v. Commonwealth.

(Decided March 11, 1932.)

S. H. RICE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Reversing.

Appellant was convicted of the offense of grand larceny, sentenced to serve two years in the penitentiary, and appeals.

The undisputed facts in this case are these: The Western Union Telegraph Company has for a number of years maintained a local office in Irvine, Ky. In February, 1930, the appellant was put in full charge of this office. It is not clear how many employees were under him, but at least it is shown that there were a por-

ter and a young lady employee who worked under his direction. The office was equipped with a safe. At the time appellant was put in charge of the office, the combination on this safe was reset and he was given a copy of it. Another copy of the combination was sealed in an envelope and sent to the main office of the company in Nashville, where it was placed among the archives not to be opened unless the appellant severed his connection with the company and it became necessary to ascertain what the combination was in order to get into the safe. Thus although the company could, by opening this sealed envelope, apprise itself of what the combination was, yet so long as appellant continued in its employ it remained in actual ignorance of the combination to the safe and the appellant was the only one who had actual access to the safe. Inside of the safe was a small portable steel vault or box, the keys to which were intrusted to appellant. In this steel vault or box appellant placed at night the funds which came into the office during the day, and in the morning took them out either for use as change, for deposit in bank or to be forwarded to the company. On the morning of July 5, 1930, the safe was discovered open. Its handle and dial were broken off, and the steel vault or box which had in it approximately $90 of the funds of the company was missing. It was later discovered empty in a field near by appellant's boarding house. We shall assume for the purpose of the decision of this case, and without detailing the facts at length, that the commonwealth's proof made out a case to go to the jury that the abstraction of the steel vault from the safe and the conversion of the funds that it contained were done by the appellant. Appellant was indicted, as stated, for the offense of grand larceny, and he insists on this appeal that his motion for a peremptory instruction should have been sustained because the proof shows that if any offense was committed it was that of embezzlement and not larceny.

The main distinction between embezzlement and larceny in cases like the instant one turns on the distinction between custody and possession. We quote from the case of Warmoth v. Commonwealth, 81 Ky. 135:

"A distinction exists where a servant has merely the custody and where he has the possession of the goods. In the former case the felonious appropria-

tion of the goods is larceny; in the latter it is not larceny, but embezzlement.

"The custody alluded to is such as that of a butler or house servant of household goods, a hired hand of the plow and horses of the farmer for whom he is laboring, etc., and the possession mentioned is an actual or constructive possession of the master or employer at the time the goods are taken. What constitutes such a possession in many cases requires some nicety of analysis to determine.

"Generally, where the agent has received goods or money to carry, deliver, control, or manage for the principal, unless the agent parts with the manual possession, and delivers the property to the principal or another for him, or places it in some depository, such as a drawer or safe provided for the purpose, and to which the principal or superior agents have access, or over which they have control, he cannot be convicted of larceny for a felonious appropriation of the goods or money, the offense being embezzlement. (Johnson v. Commonwealth, 5 Bush, page 431.)"

In 20 C. J. 410, it is said:

Embezzlement differs from larceny in that it is the wrongful appropriation or conversion of property where the original taking was lawful, or with the consent of the owner, while in larceny the taking involves a trespass, and the felonious intent must exist at the time of such taking. Thus, a bailee who obtains possession of property without fraudulent intent is not guilty of larceny where he subsequently converts it. So long as he has lawful possession he cannot commit a trespass with respect to the property. But where a person enters into a contract of bailment and obtains possession of the property with felonious intent, existing at the time, to appropriate or apply the property to his own use, he is guilty of a trespass and larceny, and not embezzlement, and if one enters into a contract of bailment fraudulently but without feloninous intent, and afterward converts the property, his offense is larceny and not embezzlement. If for any reason a bailment is terminated, so that the possession of the property vests again constructively in the owner, its subsequent

conversion by the bailee before the owner has obtained actual possession, will amount to a trespass and larceny, and not embezzlement. It has been held, however, that where money has been voluntarily delivered to accused as agent, the fact that he formed the intent to appropriate it at or before the time he received it does not prevent a prosecution for embezzlement, although the offense may also constitute larceny. Since therefore, larceny at common law involves the element of an original wrongful taking or trespass, it cannot apply to the stealing or wrongful conversion of property by an agent or bailee, or by a servant having the possession, as distinguished from the mere custody, or by anyone else intrusted with the possession of the property; and to remedy this defect and prevent an evasion of justice in such cases, statutes of embezzlement were passed.''

See also Commonwealth v. Clifford, 96 Ky. 4, 27 S. W. 811, 16 Ky. Law Rep. 184; 20 C. J. 418 et seq.

Under the peculiar facts of this case, we are constrained to the view that at the time the appellant converted the funds here involved (as we have assumed the evidence so establishes) he had the possession as distinguished from the custody of such funds. They were in the safe, the combination of which was known actually only by him. It was intended, in the absence of some untoward circumstance, that at least until he forwarded these funds to the company they should be in his possession. They came into his possession as the servant of the Western Union. He was in full charge of the office. It was he who locked the safe at night and it was only he who could open it in the morning. Although the company had the right to demand the funds of him at any time, and although the company could potentially enter the safe by opening the sealed envelope and apprising itself of the combination, yet it was not intended by the company that it should interfere with appellant's control and possession of the contents of this safe and the funds of the company unless and until some condition which had not occurred in this case at the time of the conversion had come to pass. It is quite manifest that the possession of these funds at the time they were converted was in the appellant and that it had not yet become that of the Western Union. This being true, the

conversion amounted to an embezzlement and not larceny. Warmoth v. Commonwealth, supra. The two offenses are not degrees of one another. They are distinct offenses. 20 C. J. 412. Hence appellant could not be convicted of the offense of larceny when it was shown that what he did constituted embezzlement and not larceny. It follows that appellant's motion for a peremptory instruction should have been sustained. Judgment reversed, with instructions to grant the appellant a new trial in conformity with this opinion.

Whole court sitting.