## Sinclair v. Commonwealth.

Dec. 16, 1938.

THOMAS D. THEOBALD, JR. for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellant.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Appellant, E. M. Sinclair, is appealing from a judgment wherein a fine of $500 was imposed upon him for involuntary manslaughter. He was found guilty by a jury under an indictment charging him with the crime of voluntary manslaughter occasioned by unlawfully and recklessly driving his car (truck) in such a way as to cause the death of Mary Elizabeth Hull, age 15.

Appellant urges reversal of the judgment because (1) the trial court erred in overruling his motion for a peremptory instruction; (2) the verdict is flagrantly against the evidence; (3) the court erred in the formation of a trial jury; and (4) error was committed in the admission of evidence. Since we have reached the conclusion that the judgment must be reversed because of the manner in which the trial jury was formed, we are not passing upon the other grounds upon which reversal is urged. An examination of the transcript of evidence raises grave doubt, however, as to whether there was sufficient evidence relating to the charge against appellant of "unlawfully and recklessly driving his car (truck)" as to warrant submitting the case to the jury.

A list of jurors submitted to appellant's counsel contained the name of W. L. Bays. Counsel for appellant in his affidavit stated that he did not know Bays personally, but that he was advised by attorneys that Bays was a good defense juror and that he accepted him as a member of the jury. After the jury had retired W. L. Bays was called for another case. J. W. Kennedy had served in lieu of Bays on the jury that tried appellant. The record discloses that counsel for appellant objected seasonably to Bays' not serving on the jury for which his name was first called, and he also set out this situation in the grounds for a new trial. The trial judge filed a statement relative to the fact that J. W. Kennedy instead of W. L. Bays sat on the jury trying appellant. In this statement he set forth his reasons for holding that appellant's substantial rights had not been injuriously affected by this irregularity.

Section 2266 of the statutes provides how the jury shall be selected in criminal cases. This section reads:

"In criminal cases, where the defendant is entitled to a peremptory challenge of more than four jurors, the clerk, under the direction of the court, shall draw from the box twelve names, who shall compose the jury to try the cause, unless some one or all of

them shall be challenged, in which case, the clerk shall draw from the box as many more as may be required, and as often as required until a jury be obtained or the whole panel be exhausted; then the court shall order the sheriff to make up the deficiency as directed in this chapter."

Obviously, the requirements of this section were violated when J. W. Kennedy, whose name was not drawn from the box, served on the jury in the place of W. L. Bays, whose name was properly drawn. In the case of Louisville & N. R. Co. v. King, 161 Ky. 324, 170 S. W. 938, we had before us the question as to the manner in which a jury had been impaneled under section 2247 of the statutes. In holding that reversible error had been committed in impaneling the jury in a manner inconsistent with section 2247, we said [page 940]:

"The fact that after peremptory challenge only 3 of those so called from the bystanders remain on the jury of 12 will not save the case nor qualify the jury to try it. In other words, under the statute, every litigant has a right to have 18 qualified jurymen from whom to select the 12 who are to try his case. If, in the list of 18 tendered him, more than 3 have been called from the bystanders to constitute that trial list, then his rights have been violated, and, if the trial proceed over his objection, the error is such as to warrant reversal. This objection relates to the jury as a whole, and not so much to the competency of the individual juryman. It goes to the root of the jury system prescribed by statute, and amounts to more than the ordinary jury challenge. Of course, it is true, and the statute provides (section 2253), that the fact that a person not competent serves on a jury shall not be cause for setting the verdict aside, and, after the jury has been sworn, exceptions shall not be taken to any juror for such causes as are enumerated in that section of the statute. Those causes relate to eligibility for service, for instance, he must be a citizen, at least 21 years of age, a housekeeper, etc. Others, who pursue certain named avocations, such as druggists and physicians, shall not be compelled to serve on the jury."

The situation presented in the case at bar is a more flagrant violation of the substantial rights of the party

being tried than was presented in the King Case. It is our conclusion, therefore, that the judgment of the lower court should be and it is reversed with directions for proceedings consistent with this opinion.