# Thompson v. Commonwealth.

February 3, 1948.

James C. Carter, Judge.

Paul Carter for appellant.

A. E. Funk, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—
—Reversing.

Frank Thompson was convicted of the felony of maliciously cutting and wounding J. T. Fultz, Jr., with the intention of killing him and his punishment was

fixed at confinement in the penitentiary for two years. On this appeal he asks that the judgment be reversed because: 1. The verdict is not supported by the evidence. 2. The court did not properly instruct the jury. 3. Improper conduct of the Commonwealth Attorney in asking leading questions. 4. The jury was not properly impanelled.

Thompson and Fultz had a fight on December 31, 1946, in a filling station operated by Leland Hufford in the village of Gamaliel in Monroe County. Thompson was knocked down by Fultz and was seriously beaten and cut about his face and head. Although Fultz testified he used no weapon and struck Thompson only with his fists, Dr. George E. Bushong was of the opinion that the lacerations on Thompson's head and face were not made with fists. When Fultz got off Thompson he had a knife in his hand which the evidence showed he had taken from Thompson. Fultz was cut on the side of his neck with a knife at the hands of Thompson, who claimed he acted in self-defense after Fultz knocked him down and was on him.

Fultz's version of the difficulty is that he and Thompson had been having some words in the filling station when suddenly Thompson attacked him with a knife. That Thompson first struck him in the side with a knife. This lick did not penetrate his skin but only cut his clothes, and as he turned around Thompson slashed him across the face with the knife, and that is when he knocked Thompson down and jumped on him. Fultz is corroborated by several witnesses.

Here the evidence is conflicting and it was the function of the jury to pass upon the credibility of the witnesses and the weight to be given the evidence, hence we will not disturb the verdict. Adkins v. Com., 292 Ky. 67, 165 S. W. 2d 983. Where the accused admits the act of violence he must convince the jury that he acted in self-defense. Wireman v. Com., 268 Ky. 339, 104 S. W. 2d 1083.

The record is silent as to the character and size of the knife with which Thompson cut his victim, therefore the court erred to the prejudice of appellant's substantial rights when it did not define a deadly weapon in the instructions. The rule is that where the weapon is

of such a character as to make it deadly per se, there is nothing to submit to the jury and it is a deadly weapon as a matter of law; but where the deadly character of the weapon depends upon the manner and circumstances in which it was used, a question of fact arises for the jury to determine whether or not it is a deadly weapon. Owens v. Com., 187 Ky. 207, 218 S. W. 719; Angel v. Com., 289 Ky. 281, 158 S. W. 2d 640.

On another trial the court will submit to the jury whether or not the knife with which appellant cut his victim was a deadly weapon and the instruction should substantially follow the form set out in sec. 843 in Stanley's Instructions to Juries.

Appellant makes other objections to the instructions, but we regard them as being so captious that we do not think it necessary to discuss them. However, it must be admitted that the instructions are inartificially drawn and we would suggest that on another trial the court use the form of instructions set out in sec. 811 of Stanley's Instructions to Juries, taking into consideration that the penalty has been changed since those instructions were drawn. Also, the trial court could do no better than to follow the forms of the self-defense and reasonable doubt instructions in Stanley's Instructions to Juries sec. 868, changing, of course, the words to cover the facts to fit the case at bar. It is seldom that there is anything new or original in the instructions covering a criminal case of this character and most of them are stereotype. Therefore, a trial judge will find it easy to avoid errors merely by following instructions which have been approved by this court.

We do not think appellant was prejudiced by the leading questions asked by the Commonwealth Attorney under the guise that he was refreshing the memory of the witnesses. But on another trial the court will not allow the Commonwealth Attorney such broad latitude in refreshing the memory on important facts of practically all witnesses testifying in behalf of the Commonwealth.

There is no merit in appellant's contention that the jury was improperly impanelled when the court permitted some twelve or fifteen bystanders to be summoned to serve as jurors. The method of impanelling juries is

prescribed by KRS 29.280, subsection 2 of which provides that no more than three bystanders may serve on a jury trying a civil case. But subsection 3 thereof states that in a criminal case the trial judge in his discretion may go to the wheel or may direct the sheriff to summons any number of bystanders to fill vacancies on the jury. Galloway v. Com., 293 Ky. 766, 170 S. W. 2d 594; Bartley v. Com., 300 Ky. 152, 188 S. W. 2d 102. Also see sec. 192 of the Criminal Code, relative to the manner in which a trial jury may be made up, as it is quite similar to KRS 29.280.

The judgment is reversed for proceedings consistent with this opinion.