## McGlothen v. Commonwealth.

April 22, 1949.

Elwood Rosenbaum for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, and James Park for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The grand jury of Fayette County returned an indictment against George McGlothen charging him with embezzling $250 from his employer, the Time Finance Company, a corporation, a crime denounced by KRS 434.010. He was convicted and sentenced to imprisonment in the state reformatory for a period of one year. Appellant seeks a reversal of the judgment on two grounds: (1) The court erred in impaneling the jury; and (2) he was entitled to a directed verdict of acquittal.

On October 29, 1946, when the alleged crime was committed, appellant was the assistant manager of the Time Finance Company, a corporation engaged in the business of making small loans. Appellant met Orville Sharp in a poolroom and suggested that he make an application for a loan on an automobile in the name of Edward Hessel. He furnished Sharp with the license number, motor number, and description of an automobile owned by Hessel. Later in the day Sharp went to the office of the Finance Company and signed the name of Hessel to an application for a loan, a note, and a mortgage, all of which had been filled out by appellant. After the papers were signed by Sharp appellant procured $300 in cash from the cashier of the Company and gave $50 to Sharp and put the remaining $250 in his pocket and converted same to his own use. Appellant introduced no witnesses in his own behalf. When the case was called for trial the clerk drew the names of twelve jurors, but before the jury was sworn to answer questions guilty pleas were taken in three other cases before the twelve jurors who had been called and verdicts were returned in these cases. The court then proceeded with the trial of appellant, and he objected to the twelve jurors whose names had been called on the ground that they had heard the pleas of guilty in the other cases.

The court overruled the objection, and the appellant then exercised twelve of his peremptory challenges and removed the twelve jurors from the jury box. Only twenty-one of the twenty-four regular jurors were in attendance and three of these had been summoned as bystanders to complete the panel on the previous day. The clerk called the names of the nine other jurors on the panel, and the court directed the sheriff to summon sufficient bystanders to complete the jury. Appellant objected, and his objection was overruled. The bill of exceptions shows that neither the appellant nor his counsel knew that only eighteen jurors whose names had been drawn from the drum were present in court on the day of the trial or that three of the panel present had been summoned to complete the panel on the previous day. The bill of exceptions further shows that appellant did not object "to the jury panel or to any of the jurors called for service in this case upon the ground that said panel consisted of less than twenty-one jurors who were present in court on the day of the trial and whose names had been duly drawn from the jury wheel or drum."

In his discussion of alleged errors in impaneling the jury, appellant first argues that the court erred in overruling his objection to the twelve jurors who had heard pleas of guilty in three other cases, and that it was the duty of the clerk to draw a new jury for the trial of his case. He cites Sinclair v. Commonwealth, 276 Ky. 76, 122 S.W.2d 1005, but in that case one whose name was not drawn from the box served on the jury in the place of one whose name was properly drawn. Section 210 of the Criminal Code of Practice provides that a challenge for implied bias may be made if the juror has served on a trial jury which has tried another person for the offense charged in the indictment, but, here, the three cases in which pleas of guilty were received had no connection with appellant's case. The hearing of these pleas could not have created bias against appellant, and his substantial rights were not affected by the court's ruling.

It is next argued that the court erroneously permitted six bystanders on the jury panel. In Williams v. Commonwealth, 254 Ky. 277, 71 S.W.2d 626, there were only twenty members of the regular panel of the petit jury in attendance when the case was called for trial, and it was held that the court was without statutory au-

thority to fill the panel from bystanders. However, in the Williams case timely objection was made. Here, no objection to the panel was made by appellant until after he had exercised twelve peremptory challenges, and his objection came too late. Eichman's Committee v. South Covington & Cincinnati R. Co., 126 Ky. 519, 104 S.W. 316; Hunt v. Callihan, 209 Ky. 730, 273 S.W. 555; Bain v. Commonwealth, 283 Ky. 18, 140 S.W.2d 612. Where the regular panel is exhausted by challenges in a criminal case, the trial judge may direct the summoning of any number of bystanders to fill vacancies. Thompson v. Commonwealth, 306 Ky. 470, 208 S.W.2d 512, KRS 29.280(3); Criminal Code of Practice, section 192.

It is finally argued by appellant that he was entitled to a directed verdict of acquittal (1) because he had the unlawful intent to convert the money to his own use when he obtained it from the cashier of the Finance Company and, therefore, was not guilty of embezzlement, and (2) because the Commonwealth failed to prove that the Finance Company was a corporation.

It seems to be appellant's theory that an agent or employee of a corporation cannot be guilty of embezzlement of his principal's property if he has formed the intent to appropriate it before it comes into his possession. KRS 434.010 provides that any employee of a corporation who embezzles or fraudulently converts to his own use or the use of another property belonging to the corporation which has come to his possession or has been placed in his care as employee shall be confined in the penitentiary for not less than one nor more than ten years. Under this statute it is immaterial when the accused conceived the purpose of appropriating the property. The essential element is that the property came into his possession by virtue of his agency. While embezzlement and larceny are generally regarded as separate and distinct offenses, Morgan v. Commonwealth, 242 Ky. 713, 47 S.W.2d 543, yet the two crimes frequently overlap. In attempting to determine whether a particular crime was larceny or embezzlement, the courts have made subtle distinctions between lawful possession and custody, but in view of the comprehensive provisions of our statute such distinctions are inapplicable. See annotation in 146 A.L.R. 514. Under the statute an employee of a corporation is guilty of embezzlement if he

fraudulently converts to his own use or the use of another property of the corporation which has come to his possession or has been placed in his care as employee.

Appellant's contention that the Commonwealth failed to prove that the Time Finance Company was a corporation cannot be sustained. Two witnesses testified that they owned stock in the corporation and one of them testified that he had attended stockholders' meetings. The Company did business under the name "Time Finance Company, Inc." In cases of this kind the fact of incorporation may be shown by parol evidence. In Morse v. Commonwealth, 129 Ky. 294, 111 S.W. 714, 719, the court quoted with approval the following from Thompson on Corporations:

" 'In criminal prosecutions, when the question arises whether a company is incorporated, for instance, in a case of a prosecution for larceny of the property of an alleged corporation, or for a forgery of the bills of an alleged banking corporation, it is only necessary to show that the corporation exists de facto, and this may be proved by general reputation; in other words by proving by parol testimony that it is a corporation de facto, doing business as such.' "

To the same effect are Standard Oil Company v. Commonwealth, 122 Ky. 440, 91 S.W. 1128; Swann v. Commonwealth, 169 Ky. 565, 184 S.W. 868; Commonwealth v. Southern R. Co., 179 Ky. 402, 200 S.W. 653.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed .