## PHILPOT v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 28, 1952.

Joe Feather, R. L. Brown, Williamsburg, for appellant.

J. D. Buckman, Jr., Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellee.

SIMS, Judge.

Appellant, Gilbert Philpot, was convicted of maliciously cutting Ora Ball with a deadly weapon with intent to kill and his punishment fixed at confinement in the penitentiary for 4 years. His motion and grounds for a new trial assigned three errors: (1) The court failed to instruct on the whole law of the case; (2) the instruc

tions were erroneous; (3) the court failed to admonish the jury as to the proper effect of certain evidence introduced by the Commonwealth. This last ground was not argued in the brief and it is therefore waived. Chism v. Com., 286 Ky. 314, 150 S.W.2d 694, and cases therein cited.

The record shows appellant is 47 years of age and is a married man with a large family. He is quite emotional and far from smart. When the jury was impaneled, he entered a plea of guilty. After the commonwealth completed its evidence, he changed his plea to one of not guilty, but did not testify in open court nor did he offer any witnesses in his behalf. However, he did testify in chambers before the trial judge in the presence of the commonwealth attorney on the question of whether he was financially able to employ counsel and as to whether he wanted to be represented by an attorney or would enter a plea of guilty. This testimony given in chambers was reported and made a part of the record by the bill of exceptions.

It seems that while Ora Ball was serving as a peace officer four or five years ago he arrested appellant and took a pistol from him and appellant had brooded over this all the years since it happened. Ball testified that at a community sing in Williamsburg, on the first Sunday in July, 1951, appellant approached him and said: "If you don't get my gun back, you will die", and with an oath cut his throat. Blood gushed from the wound and he was taken to the hospital. No testimony was introduced as to the extent of Ball's wound except that there is now a six inch scar on his throat. Ball got only a glimpse of the knife and could not describe it. Several witnesses corroborated Ball and one, W. L. Rose, when asked to describe the knife answered, "Ordinary sized pocket knife, as I remember. It appeared to be a light colored knife. I wouldn't say it was any particular kind, or anything."

Appellant insists the court erred in not defining a deadly weapon. The rule is that where a weapon is of such a character as to make it deadly per se, there is nothing to submit to the jury and it is a deadly weapon as a matter of law; but where the deadly character of the weapon depends on the manner and circumstances in which it was used, a question of fact arises for the jury to determine whether or not it was a deadly weapon. Thompson v. Com., 306 Ky. 470, 208 S.W.2d 512, and authorities therein cited.

Here, Ball's throat was cut with an ordinary pocket knife, blood gushed from the wound and there is now a scar five or six inches long on his throat. In these circumstances the pocket knife which inflicted such a wound is a deadly weapon per se. True, we held in the Thompson case whether the knife used there was a deadly weapon was a question which should have been submitted to the jury. But the Thompson record was silent as to the character and size of the knife; also, the wounds inflicted were not of a serious nature. See Williams v. Com., 304 Ky. 359, 200 S.W.2d 926, where we said the statute, KRS 435.170(2), refers to a knife as a deadly weapon. But we do not construe that statute as defining as a deadly weapon a very small knife worn on a watch chain and customarily used for paring and cleaning finger nails.

Nor was appellant entitled to an instruction on cutting in sudden heat of passion. The pistol had been taken from him by Ball some four or more years previously and appellant testified before Judge Johnson in chambers that he had worried over this imaginative wrong until he "flew mad" and cut Ball. There was no provocation on the occasion of the cutting to cause accused to "fly mad", hence there was no evidence upon which the court could have predicated an instruction on cutting in sudden heat of passion. Durham v. Com., Ky., 248 S.W.2d 709.

Relying principally upon Gholson v. Com., 308 Ky. 82, 212 S.W.2d 537, appellant makes a vigorous argument that the court erred in not appointing counsel for him since he was without money or property. Upon examination of appellant in chambers the court reached the conclusion that appellant and his family were financially able to employ counsel; also, that appellant preferred not to be represented

by an attorney. The familiar rule is that this court will not consider on appeal matters occurring before verdict which were not relied upon in the motion for a new trial, Merriss v. Com., 287 Ky. 58, 151 S.W.2d 1030; Anderson v. Com., 288 Ky. 576, 156 S.W.2d 860. As appellant did not include in his motion for a new trial the alleged error of the court in failing to appoint counsel for him, we will not review this question on appeal.

The record discloses no error prejudicial to appellant's substantial rights, and the judgment is affirmed.