Juanita BRUNDAGE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 23, 1967.

---

Sam G. McNamara, Hazelrigg & Cox, Frankfort, for appellant.

Robert Matthews, Atty. Gen., Joseph Eckert, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

Appellant, Juanita Brundage, was indicted on fifteen counts of statutory embezzlement by an employee under KRS 434.010 and found guilty on seven. The total amount found to have been taken was $418.95. The sentence was fixed at one year in prison on each count. Her sentence was suspended except on two counts which were to be served concurrently.

Appellant was the secretary, bookkeeper and general office manager of the Louisville Erecting & Rigging Company, Inc. In the course of her employment she filled out the majority of the checks issued by the corporation which were then signed by one of its officers. The payroll and other bills for the corporation were paid pursuant to this procedure. The jury found that she had made out checks to pay for her personal expenses such as repairs, tires and insurance for her automobile, that she had cashed checks made out to employees of the corporation after their endorsements had been forged, and retained the proceeds of a check she had made out to herself.

Appellant urges several grounds for reversal, the first of which is that she lacked the criminal intent required for embezzlement and contends that an affirmative instruction setting out this theory of defense should have been given. During her testimony she alleged that the general manager of the corporation approved each expenditure by her for the payment of her personal indebtedness and that the proceeds of all of the checks made out to other employees whose endorsements were forged were returned to the general manager pursuant to his instructions.

The applicable rule of law in answer to appellant's contention is found in Reynolds v. Commonwealth, Ky., 257 S.W. 2d 514 (1954). There it was stated that "where the instruction submitting the Commonwealth's theory of the case is couched in such language the ordinary juror can easily understand, and its negative (raised by the usual reasonable doubt instruction) completely and adequately covers the defense of accused, it is not necessary to give an affirmative instruction embodying his theory." See, also, Botkins v. Commonwealth, Ky., 394 S.W.2d 586 (1965). Here, no error was made in regard to the instructions. By reference each instruction contained a reasonable doubt clause as to whether appellant "unlawfully, fraudulently, and feloniously appropriated or converted" the money to her own use. The terms "fraudulently convert" and "fraudulently appropriate" were defined in the instructions as "the deceitful, intentional appropriation of the money of the corporation without right or without belief of right."

Appellant next contends that she was improperly tried under KRS 434.010 (embezzlement by officer, agent or employee of corporation), but should have been tried under KRS 434.050 (obtaining money, property or signature by false pretenses) or under KRS 433.170 (larceny). Appellant argues that she did not have possession of the checks or proceeds but only mere custody, and if she did have possession of the checks or proceeds, the possession was not lawfully acquired as required for a conviction under KRS 434.010 (for embezzlement or conversion as defined in Runyon v. Commonwealth, Ky., 393 S.W.2d 877 (1965); Roberson's New Kentucky

Criminal Law and Procedure, 2d Ed., Sec. 897, p. 1117). Appellant's contention is that an agent or employee of a corporation cannot be guilty of embezzlement of his principal's property if he has formed the intent to appropriate it before it comes into his possession. This contention was expressly rejected in McGlothen v. Commonwealth, 310 Ky. 48, 219 S.W.2d 1003 (1949), where it was held that the subtle distinctions between lawful possession and custody were not applicable in view of the comprehensive provisions of KRS 434.010, the Court saying:

"* * * Under this statute it is immaterial when the accused conceived the purpose of appropriating the property. The essential element is that the property came into his possession by virtue of his agency. While embezzlement and larceny are generally regarded as separate and distinct offenses, Morgan v. Commonwealth, 242 Ky. 713, 47 S.W.2d 543, yet the two crimes frequently overlap. In attempting to determine whether a particular crime was larceny or embezzlement, the courts have made subtle distinctions between lawful possession and custody, but in view of the comprehensive provisions of our statutes such distinctions are inapplicable. See annotation in 146 A.L.R. 514. Under the statute an employee of a corporation is guilty of embezzlement if he fraudulently converts to his own use or the use of another property of the corporation which has come to his possession or has been placed in his care as employee."

See, also, 88 A.L.R.2d 688.

Appellant's other complaint is that the trial court erred in failing to sustain a motion to dismiss the jury when evidence had been heard suggesting other alleged offenses that the defendant had committed subsequent to the return of the indictments upon which she was being tried. In particular the evidence complained of is as follows:

"Q. (Directed to the general manager of the company) Now, has there been additional information in this case discovered by you or any of your employes since the indictment was returned in April up until now?

"A. Many, many accounts."

 The question did not ask whether any additional offenses had been committed, but only whether any additional or precise information had been discovered to support the present charges, and the answer does not impress us as being prejudicial. Moreover, it could be considered competent as tending to show intent, guilty knowledge or scheme. Davis v. Commonwealth, Ky., 399 S.W.2d 711 (1965); Shirley v. Commonwealth, Ky., 378 S.W.2d 816 (1966).

The judgment is affirmed.

All concur.