Chief Justice Robertson,
delivered the opinion of the court.
A fieri facias against the estate of Samuel Wickware, as principal, and Benjamin Vance and Wm. Stewart, as his sureties, was levied on a slave, Ned, as the property of the said Samuel, and in his possession; Elisha Wickware claimed the slave, as trustee for Samuel Wickware’s children; a jury, empan-nelled to try the right of property, found that the title *531 of tlie slave was In the trustee. Vance gave to the sheriff a bond to indemnify him for selling, and thereupon, Ned was sold in-virtue of the execution.
Though he, in ? prosecuted, express a desire to dismiss, if the 0?'Ft,b?tsa* prs0Secuted for the benefit of another, a dismissal will be refused.,
Elisha Wickware then brought this suit (trespass) against John Ragland, the Sheriff, for selling tlie slave; and obtained a verdict and judgment for damages..
A writ of error is prosecuted in the name of Rag-land, hut (as we have been satisfied) for the benefit of Vance; and therefore, we will not dismiss it, although Ragland has expressed a wish that it should be dismissed.
I he record exhibits a strong case against the-rity of the claim of the defendant in error. If that claim be not merely colorable, it is at least subjected to'suspicion, by many and very characteristic badges of collusion in fraud of the creditors of Samuel Wickware.
But we shall not now analyze the facts, nor determine whether any inference could be drawn from them, which could sustain the verdict.
The judgment will be reversed on another • ground^, and the facts wall therefore, be re-tried by another jury.
The only points which we deem it necessary to. consider, are:
1st. Whether Samuel Wickware was a competent witness? *
2d. If he was, did the court err, in deciding that he was not bound to answer the question propounded by the pontiff in error, in relation to his, (the said Samuel’s) right to, and possession of property contained in the deed of trust, to the defendant in error?
1st. Samuel Wickware, made a bill of sale of Ned, to-his brother Elisha Wickware, with a covenant warrant- ■ ing the title. Elisha made a bill of sale of Ned, to his father Alpheus Wickware. Alpheus made a deed of trust to Elisha, of Ned and other property, in the possession of Samuel (including as may be inferred, all he had,) for the benefit of Samuel’s children.
As Samuel would be responsible for the title, the counsel for the plaintiff insist that his interest rendered him incompetent. We think differently, for the following reasons-
Witness, whose war-bp'vfolatedTy súooess of plaintiff, com-o^platotiff’T behalf,-
If the witness theP ques-lion pertinent he^houTd be c.ompelled to answer,.
1st. If the plaintiff shall succeed, Samuel Wick-ware will pot be liable on his bill of sale, because the p]ajnyff mus|_ succeed if be can succeed at all, not on the- ground that Samuel had not the best right to Ned when he trasferred him to Elisha, but on the ground, • that Ned did then belong to him alone, and remained lia- ' ble-to his debts, because bis attempts to place his property beyond the power of his creditors, were frauduen^’ and consequently, that Elisha, as well as Alphcus was ■ parliceps fraudis.
2d. Elisha released Samuel before- he was sworn. If Samuel had been responsible to Elisha, the responsibility was to Elisha, individually; andtherefore,hehad a right, to release it.
Samuel’s attitude subjects his credibility to a severe-trial; but we perceive nothing in it, which renders him. incompetent.
2d. The question, which Samuel was not allowed to answer? was relevant and such as he should have been, compelled to answer.
H all the property included in the deed of trust, was, notwithstanding the deed, his, at the time of the trial, ¡jle case was ended. If it all had been his, and had remained in his possession from the date of his hill of sale of Ned, fraud in law, or in fact, would probably be the necessary conclusion.
But if the-interrogatory should be so construed, as to exclude Ned and include the other property only, still it was pertinent, apd. important. If the other articles o.f property mentioned in the-deed, had been the property of Samuel, apd had remained in his possession and use, and had never been sold by him to his father, these facts would tend strongly to prove the fraudulent character apd intent of the entire deed.
Wherefore, the circuit court erred in deciding that the question was impertinent, and that the witness was not forced to answer it.,.
When a witness, standing in the relation of Samuel Wickware to the transaction, about which' he is called to testily, is- deposing to the fairness and integrity of bis own conduct, he should be subjected to the severest qr^deal known tq the law, or used in its practice,.
Mills and Brown, for plaintiff; Crittenden, for defendant.
Judgment reversed, and cause remanded for a new trial.