## Commonwealth v. Cochran.

(Decided May 24, 1911.)

### Appeal from Bullitt Circuit Court.

1. Indictment—Uttering Forged Writing—An indictment for uttering a forged writing must state the acts constituting the uttering and not the forging of it. It is immaterial who committed the forgery or how it was done. The acts constituting the uttering are the gravamen of the offense.

2. Same—An indictment for uttering a forged paper must set forth an instrument, which, if true, would be of some legal efficacy, since otherwise it has no legal tendency to defraud.

3. Same—Affidavit—An affidavit subscribed by the affiant below the name and certificate of the officer before whom the affidavit was made, has no apparent legal efficacy, under section 551 of the Civil Code of Practice, which requires that every affidavit shall be subscribed by the affiant, and the certificate of the officer or person before whom it is made shall be written separately following the signature of the affiant.

JAMES BREATHITT, Attorney General, CHARLES H. MORRIS, for appellant.

CARROLL & CARROLL and BEN CHAPEZE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellee was indicted for the crime of uttering and publishing a forged writing, knowing it to be forged, which is copied into the indictment, and consists of an affidavit, which reads as follows:

"The affiant, Carrie Cooley, says she resided on 34th street, between Garland and Broadway, in Louisville, Kentucky, that she is a single person, 34 years of age, and not a housekeeper and she is worth ($400) four hundred dollars or more and she owes no debts, not indebted to any person in any sum—and no one is dependent on her for support.

"The affiant, Carrie Cooley, says the statements in the affidavit are true.

"Subscribed and sworn to before me this September 24th, 1909.

Tom Cochran, Examiner for Bullitt County.
                                    "CARRIE COOLEY."

In compliance with the rule of law that requires the indictment to state the acts constituting the uttering, and not the forging of it, the indictment charges that the uttering and publishing of the forged writing was done by producing the affidavit to County Judge Hays and representing to him that it was the genuine affidavit of Carrie Cooley, when in fact, it was a forged writing, and was not the affidavit of Carrie Cooley, and thereby procuring said Hays to approve and take a worthless bond for the appearance of W. H. Cooley at a subsequent term of the court, whereupon he was released from jail and never answered at said subsequent term of the court. The indictment charges that said bond was forfeited, and is worthless, and the Commonwealth was defrauded out of the sum of $200, the amount of said bond. The circuit judge sustained a demurrer to the indictment, and the Commonwealth appeals. The indictment was found under section 1188, of the Kentucky Statutes, which reads as follows:

"If any person shall forge or counterfeit any writing whatever, whereby fraudulently to obtain possession of

or to deprive another of any money or property, or cause him to be injured in his estate or lawful rights, or if he shall utter and publish such instrument, knowing it to be forged and counterfeited, he shall be confined in the penitentiary not less than two nor more than ten years."

The indictment does not specify in what respect the affidavit is a forgery, or the facts which constitute the forgery, and it is not necessary that it should be so alleged, although the forgery must be proven upon the trial.

In Lockard v. Commonwealth, 87 Ky., 201, the court said:

"An indictment for uttering a forged writing must state the acts constituting the uttering, and not the forging of it. It is immaterial who committed the forging, or how it was done. The falsity of the paper is merely a fact necessary to the existence of the offense. If it be forged and one so knowing utters it as genuine, he is guilty. The acts constituting the uttering are the gravamen of the offense." Flaugher v. Commonwealth, 1 Ky. Law Rep., 120; Purvis v. Commonwealth, 13 Ky. Law Rep., 744.

It is necessary, however, that the indictment must set forth an instrument which, if true, would be of some legal efficiency, since otherwise it has no legal tendency to fraud. Commonwealth v. Tabor, 31 Ky. Law Rep., 841.

"Forgery," says Bishop on Criminal Law, Vol. 1, section 572, "is the false making or material altering with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability." This definition was approved in Commonwealth v. Wilson, 89 Ky., 159. If, therefore, the forged instrument is of no apparent legal efficacy, it is, in law, no forgery, and in using it, one will not be guilty of uttering a forged writing. If the affidavit, which upon its face purports to be the affidavit of Carrie Cooley, had never been subscribed by any one, or having been signed by Carrie Cooley had never been sworn to by her before an officer authorized to administer an oath, it would have imputed no efficacy, and would have had neither real nor apparent worth. And, if for any reason it manifestly had no verity as a legal docu-

ment in obtaining the bail bond, the appellee can not be found guilty.

In the alleged forged affidavit of Carrie Cooley, her name appears beneath the name of appellee who, as examiner for Bullitt County, administered the oath to Carrie Cooley; and, for that reason it is contended this case comes within the rule above announced concerning impotent writings.

Section 544 of the Civil Code defines an affidavit to be a written declaration, under oath, made without notice to the adverse party, while section 468 of the Kentucky Statutes provides as follows:

"Where the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature be subscribed at the end or close of such writing."

Finally, section 551 of the Code provides as follows:

"Every affidavit shall be subscribed by the affiant; and the certificate of the officer or person before whom it is made shall be written separately, following the signature of the affiant, and shall be proof of the time and manner of the affidavit being made."

The affidavit, which is the foundation of the indictment in this case, clearly violated the requirements of the statutes above quoted, and was without even apparent efficacy. The county judge, upon a mere inspection thereof, could have seen that it could not have been made as required by the express requirements of the statute; and it could not, therefore, be said to have misled any one to the injury of his estate or lawful rights. In order for one to successfully rely upon the fraudulent misrepresentations of another, it must appear that the injured person not only relied upon the misrepresentations, but that he had the right to rely upon them. The law plainly said that the pretended affidavit of Carrie Cooley was no affidavit; and, that being true, the Commonwealth, through its county judge, had no right to do any act upon the faith of it. Simms v. Simms, 88 Ky., 642.

Judgment affirmed.