## Mason (Alias Scott) v. Commonwealth.

(Decided December 16, 1913).

### Appeal from Scott Circuit Court.

Forgery—Indictment—Sufficiency.—Section 1189, Kentucky Statutes, makes it an offense to forge a check or knowingly utter a forged check on a bank or company authorized by law of the United States, or any State of the United States or any foreign government. Held: that an indictment for uttering a forged check is insufficient if it fails to allege under what authority the bank is doing business.

LLEWELLYN F. SINCLAIR for appellant.

JAMES GARNETT, Attorney General, OVERTON S. HOGAN, Assistant Attorney General for appellee.

Opinion of the Court by Judge Hannah—Reversing.

The appellant was convicted in the Scott Circuit Court under an indictment, which reads as follows:

"The Grand Jury of the County of Scott, in the name and by the authority of the Commonwealth of Kentucky, accuse Maggie Mason, alias Maggie Scott, of the crime of uttering a forged writing, committed as follows: the said Maggie Mason, alias Maggie Scott, in the said county of Scott, on the 8th day of May, A. D. 1913, and within twelve months before the filing of the indictment, did unlawfully and feloniously deliver to one W. F. Baumstark, a writing in words and figures, as follows, to-wit:

"'Georgetown, Ky., April 1st, 1913.
"'No. 9250.

"'Farmers Bank & Trust Company—
Pay to Mollie Cason or bearer $7.00.
Seven dollars.
for work.                        Mrs. Jane E. Sutton.
"'on reverse side: Mollie Cason.'

which writing purported to have been signed by Mrs. Jane E. Sutton, and said Maggie Mason, alias Maggie Scott, represented to the said Baumstark, when she delivered to him the said writing, that said Sutton had signed her name thereto, and on the faith of said statement, said Maggie Mason, alias Maggie Scott, obtained from said Baumstark goods of the value of two dollars and a quarter and cash in lawful money of the value of $4.75, when at the time said Mason, alias Scott, delivered said writing and made said representation, she knew it was false and knew that said Sutton had not signed her name to said writing, and that her name had been forged and said paper was delivered and said representation made with the intent to defraud said Baumstark, against the peace and dignity of the Commonwealth of Kentucky."

From a judgment sentencing her to the penitentiary under said conviction she appeals.

It will be noticed that the writing alleged to have been forged is a check upon a bank, and the indictment fails to aver that the bank upon which the check was drawn was authorized by the law of the United States, or a state of the United States or foreign government.

It has been repeatedly held by this court that an indictment for forging or uttering a forged bank check

must be drawn under section 1189, Kentucky Statutes, and must charge that the bank upon which the said check was drawn, was authorized by the laws of the United States or a State of the United States or a foreign government; and that unless the indictment so charges, it does not state a public offense. See Kennedy v. Com., 59 Ky. (2 Metc.) 36; Com. v. Lee, 37 S. W., 72, 18 R., 484; Rawlins v. Com., 7 R., 595; Com. v. Miller, 115 S. W., 234. Under these decisions the indictment under which appellant was convicted failed to state a public offense; and her motion to set aside the verdict of conviction should have been sustained, and a new trial granted.

The judgment is reversed for proceedings consistent herewith.