## Swann v. Commonwealth.

(Decided April 20, 1916.)

Appeal from Marion Circuit Court.

1. Embezzlement—Element of Crime—Evidence.—The fact of incorporation is an essential element of the crime of embezzlement under section 1202 of the Kentucky Statutes, but said fact can be proven by oral testimony.

2. Corporations—Judicial Notice.—Judicial notice will be taken of an act of the legislature incorporating a corporation.

3. Trial—Peremptory Instruction.—A peremptory instruction will be denied where there is any evidence tending to show that the accused is guilty of the crime with which he is charged.

4. Embezzlement—Restitution.—Neither restitution nor the offer to restore will avoid the crime of embezzlement.

BEN SPAULDING for appellant.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE.—Affirming.

Appellant was indicted, tried and convicted under section 1202 of the Kentucky Statutes of embezzling money, the property of Lodge No. 53 of the "United Brothers of Friendship and Sisters of the Mysterious Ten for the State of Kentucky and its Jurisdiction," a Kentucky corporation, of which appellant was the treasurer.

Appellant insists that the Commonwealth failed to prove that the society, whose property the embezzled funds were, was a corporation, and that as it was necessary for this fact to have been proven, it was error in the trial court to refuse the peremptory instruction asked for by appellant.

This contention upon the part of appellant is based upon the assumption that the fact of incorporation could not be proven in any way other than by record evidence; but this is not the rule. In Morse v. Commonwealth, 129 Ky. 294, it was held by this court that the fact of incorporation can be proven by parol evidence, and authorities are cited therein fully supporting this rule. In the instant case counsel for appellant on cross-examination asked the Commonwealth's witness, Walter Roberts, the following question: "Now you say your institution is incorporated?" To which witness replied "Yes, sir." This alone, if there had been no other evidence upon the question, was sufficient proof of the fact of incorporation. Moreover this society was incorporated in 1868 by act of the legislature, of which judicial notice will be taken. L. & N. R. Co. v. Commonwealth, 154 Ky. 294.

Appellant next insists that there was no evidence showing that he had misappropriated any of the funds of said society; but we are unable to understand how, upon this record, such an assertion could have been made. The uncontradicted evidence shows that as treasurer it was appellant's duty to take charge of the receipts of the society at each meeting and deposit same in a certain bank to the credit of the society, from which they could be withdrawn only upon check of the society executed by the president and secretary. Appellant had no power to pay out or withdraw said funds from said bank in the absence of such authority, which was not given; and his duty as treasurer with reference to the funds committed to his care as shown by the proof consisted solely in tak-

ing charge thereof from the time of their receipt until they could be deposited to the credit of the society in the bank.

Appellant was treasurer from January 1st until October 13th, 1914, during which time sums were turned over to him as treasurer aggregating $461.70, and during which time he deposited in the bank sums totaling only $300.30, showing that he had failed to deposit in the bank, and appropriated to his own use the sum of $161.40, the property of the society. It is shown that on January 14, 1914, at probably the first meeting of the society after appellant's election as treasurer, there was turned over to him for deposit the sum of $40.15, of which sum he deposited in the bank to the credit of the society only $30.15, and that at nearly every meeting thereafter the sum deposited in bank was less than the amount collected and turned over to appellant.

Counsel for appellant insists that this does not show that appellant had misappropriated any of the funds; that that fact could not be made to appear until after a settlement was had. This contention is entirely without merit. No settlement was necessary or required under the proof here. Appellant had no authority to pay out or dispose of a single cent of the funds entrusted to his care, his only duty in reference thereto being to take charge of same at the society's meeting and convey them safely within twenty-four hours thereafter to the bank, the designated depository of the society.

These are the only objections pointed out by counsel for appellant to the sufficiency of the evidence, and it is apparent that the court did not err in overruling appellant's motion for a peremptory instruction, as there was much evidence tending to show that appellant was guilty of the crime charged. Gordon v. Commonwealth, 136 Ky. 508.

The only other ground relied upon by appellant for reversal is that the court erred in giving the following instruction to the jury:

"3. If you believe from the evidence beyond a reasonable doubt that the defendant did in fact convert to his own use the money of the said lodge with the intention to permanently deprive the said lodge of its property therein as fully set out in instruction No. 1, then it is immaterial whether or not he afterwards offered or attempted to make settlement thereof."

We do not think that the giving of this instruction under the evidence was error. Appellant practically admitted in his testimony, as the proof shows he had admitted to the trustees of the society, that there was a shortage in his accounts. He, however, contended that he had at all times been willing to make good this shortage, but that he had not been afforded a reasonable opportunity to do so. Considerable evidence with reference to the efforts of the officers of the society to get appellant to make satisfactory settlement of his shortage before the indictment was returned and of his statements in reference thereto was introduced. All of this evidence was material and competent only upon the question of intent, and the instruction of the court objected to, in effect, only excluded from the jury the consideration of that testimony as an avoidance or bar. There can be no question but that said instruction properly states the law, and without it the evidence heard by the jury with reference to the attempted settlement might have been confusing, in view of which the giving of the instruction by the court, it seems to us, was proper and necessary; but, however that may be, appellant certainly was not prejudiced in any way thereby, for if the fraudulent conversion had been completed, restitution would not have avoided its effect, and certainly the mere offer to restore could not have done so. 15 Cyc. 507.

No substantial error having been pointed out or discovered in the trial of appellant, the judgment is affirmed.