## Commonwealth v. Southern Railway Company in Kentucky.

(Decided February 19, 1918.)

### Appeal from Shelby Circuit Court.

1. **Criminal Law—Evidence—Municipal Corporations—Incorporation.**—The fact of the incorporation of a municipal corporation may be proved by parol evidence; and it is sufficient for that purpose, to prove acts done under and in conformity with the statute authorizing the creation of such corporations.

2. **Railroads—Criminal Law — Evidence — Competency — Municipal Corporations.**—In a prosecution against a railroad company, under section 772, Kentucky Statutes, for failing to maintain a suitable depot at one of its stations, alleged to be located in an incorporated town, in view of section 3662a, Kentucky Statutes, providing for the dissolution of municipal corporations, evidence of the incorporation of such town must relate to the time covered by such prosecution.

CHARLES H. SANFORD, CHARLES H. MORRIS, Attorney General and D. O. MYATT, Assistant Attorney General, for appellant.

WILLIS, TODD & BOND and EDWARD P. HUMPHREY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The defendant, Southern Railway Company in Kentucky, was indicted for failing to maintain a suitable depot at Waddy, in Shelby county; and upon a trial, at the conclusion of the Commonwealth's evidence, a directed verdict was returned in its favor and judgment entered dismissing the indictment. The Commonwealth has appealed.

The indictment is under section 772, Kentucky Statutes, which applies only to incorporated towns and cities and such other stations as are designated by the Railroad Commission, and to warrant a conviction, it is conceded, the Commonwealth must prove that Waddy is an in-

corporated town as alleged in the indictment, since it is admitted the the Railroad Commission has not required the company to maintain a depot at this station on its railroad.

The Commonwealth offered parol evidence to prove the incorporation of Waddy which the court, upon objection, refused to admit, and the only question upon this appeal is whether or not in so doing the court erred. The Commonwealth did not offer to prove, and does not now claim, that the record evidence of such fact, if a fact, was not obtainable, but stood upon its right to prove the alleged incorporation by parol evidence and as authority for that practice relies upon Morse v. Commonwealth, 129 Ky. 294; Swan v. Commonwealth, 169 Ky. 565; Dillon on Municipal Corporations, vol. 1, sec. 232; and Londonderry v. Andover, 28 Vt. 424.

The citation from Dillon is not applicable here, because the practice there authorized is based upon the absence of record evidence and is but a statement of the general rule that secondary evidence is admissible when the primary or best evidence can not be procured.

The Morse and Swan cases refer to private corporations and appellee insists they are therefore inapplicable, but we are unable to see any such difference with reference to the fact of the incorporation of a municipal corporation and that of a private corporation as would require a different rule of evidence for proof of the fact of incorporation. The incorporation of both is a matter of record and, unless the reason that exempts from the general rule proof of incorporation of a private corporation fails with reference to a public corporation, there would seem to be no ground for a different rule of evidence of proving the fact of incorporation.

In fact, if, as this court has frequently held, it is not necessary to prove the fact of incorporation of a bank, insurance company, or railroad company, doing business in this state because, under our statutes, these institutions cannot conduct business until they have been incorporated, it would seem that, upon the same reasoning, the fact that a municipal corporation was doing business as such would sufficiently establish the fact of incorporation, because such corporation, being an arm of the government, exercising governmental functions, cannot conduct business unless incorporated under express statutory authority; and if parol evidence of incorporation

could safely be admitted to prove the incorporation of any kind of a corporation, it would be a municipal corporation.

The admission of parol evidence to prove, or rather to make out a *prima facie* case of incorporation is not confined to this state, but is quite generally, although not universally, recognized; and the reason usually assigned, the one given in the Morse case and authorities therein cited, is that a *de facto* incorporation is all that is necessary to fix the liability and, therefore, a *de facto* existence is all that need be proved to make out a *prima facie* case, and record evidence, that is, evidence of a *de jure* incorporation, is not necessary.

If, therefore, a municipal corporation may exist *de facto* and such existence would be sufficient to fix the liability upon defendant attempted by the Commonwealth in this case, then proof that Waddy was a *de facto* corporation was all that was required and parol evidence of the fact of incorporation ought, in reason and by analogy, to be admitted to make out a *prima facie* case on that question.

That a municipal corporation may exist *de facto* is almost universally recognized, 10 R. C. L. 703; 28 Cyc., 171; and that the statute in question fixes a liability upon the railroad companies operating in this state to provide suitable and convenient depots at all incorporated towns and cities, whether *de jure* or *de facto* corporations, we are quite sure; so it would seem that if the incorporation of private corporations may be proved by parol evidence because of the possibility that they exist *de facto* rather than *de jure,* for the same reason parol evidence of the incorporation of a municipal corporation would be admissible.

This conclusion is sustained by the reasons assigned in Londonderry v. Andover, 28 Vt. 424, for permitting the fact of incorporation of the city of Andover to be proved by parol evidence, although its introduction in that case might, it seems, have been rested on the absence of record evidence. Further support for the practice, provided there is a statute in force under which it might have been legally incorporated as there is here, is found in 28 Cyc., 179, 10 R. C. L., p. 704, and 8 Enc. of Evidence, 802. In the last named treatise it is said: "Upon a collateral proceeding it is sufficient for the purpose of proving the existence of a municipal corporation

to produce the charter, or to prove acts done under it and in conformity with it. Record evidence that all of the preliminary steps looking to the formal organization of the corporation were taken is not necessary.''

We conclude, therefore, the fact of incorporation of a municipal corporation as well as a private corporation may be proved by parol evidence so as to make out a *prima facie* case, and that the court erred in refusing to admit such evidence; but we do not hold that the parol evidence actually offered by the Commonwealth of the *de facto* existence of Waddy as an incorporated town at a date previous to the one involved is sufficient, since the sufficiency of such evidence is not here because the trial court refused to admit any such evidence and announced that only record evidence would be admitted. We should, however, state that where parol evidence is offered and relied upon to prove the incorporation of any corporation it must, at least, show a *de facto* existence of the corporation at the time involved in the prosecution, as no presumption could be indulged from such proof of a continued existence beyond the time covered by such evidence whatever might be the presumption from proof of a *de jure* incorporation, if any such presumption could obtain since the enactment by the legislature of section 3662a, Kentucky Statutes, providing for the dissolution of municipal corporations, enacted immediately after the decision by this court of Hill v. Anderson, 122 Ky. 89, which held that because there was no provision in our law for the dissolution of such a corporation, its existence once established would be presumed to continue.

Wherefore, the judgment is reversed and the cause remanded for proceedings consistent herewith.