## Fain v. Commonwealth.

Sept. 23, 1941.

508

E. Selby Wiggins and O. P. Jackson for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The appellant, Shirley Fain, was convicted in the Madison Circuit Court under an indictment charging him with the crime of uttering a forgery and sentenced to two years and nine months in the penitentiary. He has appealed from the judgment, insisting upon a reversal upon the grounds, (a) the court admitted incompetent evidence offered by the Commonwealth, (b) the instructions are prejudicially erroneous, and (c) defendant's motion for a peremptory instruction to find defendant not guilty should have been sustained because no offense was proven by the Commonwealth.

B. E. Willis, chief witness for the Commonwealth, testified that he was the manager of the J. C. Penney store in Richmond, Kentucky, and that sometime in August, 1940, the defendant came into the store and presented a check for $9 to be cashed and for some merchandise. The check was made payable to the order of Shelby Rice. The witness said that about one hour previous to

the offering of the check in question he or some of the clerks in the store had accepted a check (from some person not identified or proven in the record) which was identically the same as the check defendant had offered to him, each of the checks bearing the same date, for the same sum, payable to the same person, on the same bank, and signed "Arthur Renfrow," purporting to be the maker of each check and each of which had a notation on the lower left-hand corner "Tobacco housing," and the handwriting of the two checks was similar. The witness further stated that he told defendant about the former check he had accepted and called his attention to the similarity of the two checks and that he wanted to make an investigation to see whether or not the check then offered was a good one, and asked defendant to go back to the office with him (where he had the former check) and he, Willis, went into the office to compare the checks and defendant stopped by the side of the office and asked Willis whether or not he was going to cash the check. The witness then described what followed in this language:

> "I said, 'if it is a good check I will.' He pushed by me and knocked the telephone over, knocked chairs over. Ran over me. He made a grab at the desk. I didn't know what he was grabbing at. I was trying to pick myself up. Then he ran and Mr. Hazelrigg saw the commotion, and he had already called the police. Hazelrigg met him on the stairway and tackled him. By this time I was on my feet and started after him. I didn't know what he had grabbed off of my desk. * * * We floored him and I saw him picking at something. I thought he was getting ready to open a knife. We just pinned him to the floor and found out he was picking this check to pieces and put it in his mouth and swallowed it."

Willis further said that he compared the check presented to him and later destroyed by defendant with the other check that he had in the office and the two checks were identically the same in all respects. Counsel for the defendant objected to the testimony of Willis relating to the check presented for the purpose of proving the contents of the one destroyed, but the court overruled the objections and permitted the witness to persent the former check for the purpose of proving the contents of the one destroyed by defendant and for which he was indicted for uttering.

Since the witness testified that he compared the two checks and was positive that the one destroyed by defendant was in effect a duplicate of the one presented in court, we think it was competent evidence for the purpose of proving the contents of the check destroyed by the defendant, and upon which the indictment was founded. It is the rule that when a writing upon which litigation is based cannot be produced and its absence accounted for, its contents may be proven by other methods the same as any other fact.

Arthur Renfrow, testifying for the Commonwealth, stated that he did not issue or sign either of the checks in question and knew nothing about them. This was all the evidence offered for the Commonwealth and the case was submitted to the jury without defendant offering any evidence.

Counsel for defendant insists that since defendant merely offered the check and same not being cashed or any value obtained thereon, no offense was committed. We cannot agree to this contention. In Commonwealth v. Fenwick, 177 Ky. 685, 198 S. W. 32, L. R. A. 1918B, 1189, "uttering" is definied as offering a forged instrument, knowing it to be such, whether such offer is accepted or not, with a representation, by words or actions, that it is geniuine, and with an intent to defraud. Willis' evidence that defendant offered the check to be cashed and for merchandise is undisputed.

In regard to the instructions, the alleged error complained of is that the court failed to instruct or admonish the jury that they could not convict defendant upon the check presented in court as evidence to prove the contents of the one destroyed by defendant which was the subject of the indictment. It is indeed doubtful that the jury was misled or became confused as to whether a conviction should be had upon the former check or the one destroyed, since the evidence is so plain that the jury evidently understood that defendant was being tried for uttering the destroyed check and the one presented in court was merely evidence of the contents of the destroyed check for which defendant was indicted for uttering. However, upon another trial of the case it might be well for the court to admonish or instruct the jury in substance that the purpose of the check presented in court is for the purpose only of proving the contents of the destroyed check which defendant is charged with uttering, if it does so prove.

Lastly, it is insisted that the Commonwealth failed to prove its case, since there is no evidence tending to show that the State Bank and Trust Company of Richmond, Kentucky, on which the check was drawn, was authorized under the banking laws of the State of Kentucky or any other law to do a banking business. The indictment alleges that the bank mentioned above was authorized under the banking laws of the State of Kentucky to do a general business. This was a necessary allegation in the indictment to constitute the commission of the offense charged. Kentucky Statutes, Section 1189; Mason v. Commonwealth, 156 Ky. 493, 161 S. W. 229; Commonwealth v. Miller, Ky., 115 S. W. 234.

Defendant entered a plea of not guilty, thereby putting upon the Commonwealth the burden of proving each and every allegation of the indictment necessary to the commission of the offense charged. There being no evidence that the bank on which the check was drawn was authorized by law to do a banking business, it results that the Commonwealth failed to prove its case and for this reason alone the judgment must be reversed.

Judgment reversed and remanded for proceedings consistent with this opinion.