## HONEYCUTT v. COMMONWEALTH.

Court of Appeals of Kentucky.
Nov. 2, 1951.

Rehearing Denied Feb. 15, 1952.

J. B. Campbell, C. B. Pope, Barbourville, for appellant.

A. E. Funk, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Appellant, Nathan Honeycutt, was convicted of knowingly uttering a forged deed and sentenced to five years in the penitentiary. KRS 434.130.

The following grounds are relied upon in appellant's brief for reversal: (1) error in overruling demurrer to the indictment, (2) error in admitting incompetent evidence and (3) error in failing to instruct the jury on the whole law of the case.

The indictment sets forth the acts constituting the uttering of the writing in sufficient terms. It is immaterial who committed the forgery, or how it was done. The falsity of the paper is merely a fact necessary to the existence of the offense. If the instrument be forged and it is a writing that if genuine would be of some legal efficacy and one knowingly utters it as genuine, he is guilty. The acts constituting the uttering are the gravamen of the offense. Lockard v. Commonwealth, 87 Ky. 201, 8 S.W. 266; Commonwealth v. Cochran, 143 Ky. 807, 137 S.W. 521. The demurrer was properly overruled.

In support of the second contention, appellant claims that when the purported deed was delivered to him, he had the right to rely upon the certificate appended to the deed which was signed by an alleged deputy county court clerk certifying that it was acknowledged by the persons therein named. He further contends that the evidence introduced by the Commonwealth that impeached the certificate was in violation of KRS 61.060. This statute cannot be pleaded as a shield against prosecution in a case of this kind. The certificate upon which appellant claims he relied was signed by his son, Thomas G. Honeycutt. It was established that Thomas G. Honeycutt had no legal right to take the acknowledgment. He was not a deputy county court clerk, notary public, or an official of any kind at the time he took the acknowledgment. We observe that Thomas G. Honeycutt did not testify. The evidence showing the certificate false was competent.

The court gave three instructions. The first one substantially followed the language of the indictment. The second defined certain words used in the first instruction. The third was the reasonable doubt instruction. The instructions given covered the whole law of the case. Ap-

pellant has failed to point out any error as to their form or substance and we find none appearing.

Wherefore the judgment is affirmed.