Joe **HOPKINS**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 16, 1959.

Sanders & Redwine, Pikeville, for appellant.

Jo M. Ferguson, Atty. Gen., William E. Allender, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Joe Hopkins was found guilty of uttering a forged check, KRS 434.130, and judgment was entered imposing a two-year sentence. He appeals, asserting several grounds of error.

The check in question was drawn by the Truax-Traer Coal Company on the Continental Illinois National Bank and Trust Company of Chicago, Illinois, payable to Marie Allen James. The evidence for the Commonwealth was that Hopkins and one Clyde Parker Crum came into the place of business of Virgil Sykes; Hopkins ordered a case of beer and asked if Sykes would take a check; the latter said he would if the check was "good;" at Hopkins' request, Crum produced the check from his pocket, already bearing the purported indorsement of Marie Allen James, and Crum thereupon wrote the further indorsement, "Clyde Parsons;" Hopkins then handed the check to Sykes and was given the case of beer and some change.

The Commonwealth endeavored to prove that both indorsements were forgeries. However, at the time of the trial Marie Allen James was dead, and the only evidence tending to show that her indorsement was forged was the testimony of a police officer that he had "received information" from Mrs. James that this check and another one were missing from her mail box. This testimony was admitted over the objection of the defendant.

The testimony clearly was hearsay, and should not have been admitted. Since it was the only evidence tending to show a forgery of Mrs. James' signature, its admission must be considered prejudicial.

Another alleged error concerns the refusal of the trial court to permit the de-

fendant to impeach the testimony of Virgil Sykes by showing he had made inconsistent statements in his testimony upon a former trial. On cross-examination, Sykes was asked whether or not at the former trial he had stated that, at the time the check was given to him, he had been told by Hopkins that the latter's companion was Clyde Parker Crum. His reply was, "Not to my remembrance, I didn't." Subsequently, the defendant offered the court reporter at the former trial as a witness to prove that Sykes had in fact made such statement, but the court refused to permit the reporter to testify.

The refusal to admit the offered impeaching testimony was error. Grigsby v. Commonwealth, 197 Ky. 506, 247 S.W. 373; Wireman v. Commonwealth, 211 Ky. 495, 277 S.W. 822. Since the entire case as to the uttering of the check, and as to Hopkins' participation in the uttering, depended upon Sykes' testimony, the error clearly was prejudicial.

We are reversing the judgment because of the two errors above discussed. We will briefly dispose of other allegations of error in which we find no merit.

■ The defendant was not entitled to a directed verdict. See Milton v. United States, 71 App.D.C. 394, 110 F.2d 556; Smith v. Commonwealth, Ky., 307 S.W.2d 201.

■ The proof that the drawee bank was authorized to do business was sufficient. See Carter v. Commonwealth, 311 Ky. 252, 223 S.W.2d 900.

■ The appellant is not entitled to complain of error in the instructions because he did not complain of the instructions in his motion and grounds for a new trial.

■ The evidence that another check, drawn by the same company on the same bank and payable to the same payee, was forged and uttered by Crum in the company of Hopkins, on the same night a short time before the instant offense, was competent to show a plan, system and guilty knowledge. Miller v. Commonwealth, 301 Ky. 66, 190 S.W.2d 864.

The judgment is reversed, for further proceedings in conformity with this opinion.