Raymond T. DAVIS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 15, 1965.

Rehearing Denied March 25, 1966.

Jack M. Lowery, Jr., Thomas Burton, Louisville, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

This is an appeal from the Jefferson Circuit Court wherein the appellant, Raymond T. Davis, was sentenced to two year's confinement in the penitentiary for the offense of uttering a forged instrument in writing, as denounced by KRS 434.130. More specifically, the appellant presented a promissory note to the Citizens Fidelity Bank and Trust Company in Louisville Kentucky, (hereinafter referred to as Citizens) bearing the allegedly forged signatures of W. Ray Stark and Emma L. Stark, his wife.

In 1960, the appellant and Mr. and Mrs. Stark jointly formed a business corporation which was primarily financed by various bank loans. From time to time they would jointly execute promissory notes and obtain these bank loans by pledging Mr. Stark's securities as collateral.

In March of 1962, after some discussion, the Citizens Bank advised the appellant that they would consolidate these pre-existing loans at various banks into one loan. For this purpose the Citizens Bank furnished the appellant with a blank promissory note form upon which the signatures of the Starks, as well as the appellant and his wife, were to be affixed. Subsequently, the appellant delivered this same note form to Citizens, completely blank, except for the signatures of the appellant, his wife, and Mr. and Mrs. Stark.

It is the signatures of Mr. and Mrs. Stark on this note to Citizens which are alleged to be forgeries and which are the subject matter of the indictment. Later, the blanks in the note were filled in by a Citizens bank official, resulting in its completion as it appears in the indictment. As a result of this transaction between Citizens and the appellant, the other banks were paid in full and the various notes executed by the appellant and Mr. and Mrs. Stark at the other banks were cancelled.

■ The first important issue raised in this case is whether the note uttered by the appellant to Citizens Bank had legal efficacy and, therefore, the proper subject of forgery. The appellant contends that the answer to this question should be "No" since the note was not filled in with the particulars as to the date and amount. It is true that a writing must be of apparent legal efficacy or the foundation of a legal liability to be the subject of forgery. Colson v. Com., 110 Ky. 233, 61 S.W. 46 (1901); Com. v. Cochran, 143 Ky. 807, 137 S.W. 521 (1911); Carter v. Com., 311 Ky. 252, 223 S.W.2d 900 (1949).

■ However, it is pointed out in the evidence that the appellant authorized a Citizens bank official to fill in the blanks when the amount of indebtedness was ascertained. The Uniform Commercial Code [KRS 355.3–115(1)], in stating that an incomplete instrument has legal efficacy after it is completed in accordance with the authority given, provides as follows:

"When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect it cannot be enforced until completed, but when it is completed in accordance with authority given it is effective as completed."

In other words, the legal effect of giving an incomplete promissory note to another with the authorization to fill in the blanks is the same as delivering a complete instrument. It is the opinion of this Court that there is no merit in appellant's contention that the instrument in question was without legal efficacy and, therefore, not the proper subject of forgery.

 It is next contended that the evidence was fatally at variance with the indictment. This is on the theory that the indictment was defective in that it should have stated all of the facts connected with the issuance of the note in order for there to be legal efficacy stated in the indictment. The appellant points out that it is absolutely undisputed that at the time of its utterance the note was completely blank in every particular with the exception of the signatures of the makers. However, as pointed out in the U.C.C., supra, the legal effect of giving the incomplete promissory note to the Citizens bank official with the authorization to fill in the blanks was the same as delivering a complete instrument, and this Court has stated in Eldridge v. Com., Ky., 54 S.W. 7, 8, (1899) " * * * [T]hat an indictment should state the facts constituting the defendant's guilt, but it has always been allowable to state them according to their legal effect." The appellant goes on to say that the variance between the proof and the indictment was misleading to the appellant in his defense. It is well settled that any variance between the indictment and the proof which misleads the accused in making or preparing his defense is fatal. Miller v. Com., 234 Ky. 224, 27 S.W. 2d 957 (1930); Braswell v. Com., Ky., 339 S.W.2d 637 (1960). It is the opinion of this Court that the variance complained of was not such as to mislead the accused in making his defense.

The third contention is that the instructions of the court were erroneous because they did not properly relate to the proof introduced at the trial. The appellant's argument is that the trial court submitted a factual issue to the jury which was completely unsupported by the evidence. The appellant complains that the trial court instructed the jury that the appellant could be convicted if the jury believed beyond a reasonable doubt that he uttered "the note mentioned in the indictment and evidence in this case." This argument is predicated upon appellant's theory that the indictment erroneously alleged that the note in question was complete and valid at the time of its utterance. However, the argument here is the same as the arguments hereinbefore discussed concerning the sufficiency of the indictment, and it is the opinion of this Court that the answers are the same. The legal effect of giving the incomplete instrument to the Citizens bank official with the authorization to fill in the blanks was the same as delivering a complete instrument.

It is further argued that the court erred in refusing to give a directed verdict for the appellant. This is on the theory that there was a complete absence of any proof whatsoever of an intent to defraud. The argument is that one cannot be convicted of uttering a forged instrument without proof that the instrument was in fact forged, and in order to prove the latter it must be shown that the person who actually signed the name had a fraudulent intent. As to whether the instrument was in fact forged, the evidence shows that the bank furnished the appellant with the blank promissory note form and that subsequently he delivered the same note form to the bank, completely blank, except for the necessary signatures. It is further shown in the evidence that the signatures of Mr. and Mrs. Stark, as testified to by a handwriting expert, were in fact forged; also, Mr. and Mrs. Stark deny ever signing the note in question. However, the appellant goes on to argue that there could have been no intent to defraud because, under the circumstances, the appellant did not gain nor seek to gain anything whatsoever as a result of the alleged uttering.

It is well settled that an intent to defraud is an essential element of the offense of uttering a forged instrument, Flaugher v. Com., Ky., 279 S.W.2d 775 (1955), but the actual accomplishment of a fraud is not a necessary element of the offense, Com. v. Fenwick, 177 Ky. 685, 198 S.W. 32, L.R.A.1918B, 1189 (1917); Fain v. Com., 287 Ky. 507, 154 S.W.2d 553 (1941). In the case at bar, it is true that the appellant obtained no money or property from this transaction. However, this argument loses sight of the fact that the appellant had been directed to remove his business from the Liberty National Bank and pay off the loans upon which he and Mr. Stark were obligated to pay because of irregularities in the *appellant's* personal checking account. Thus, by consolidating these various loans into one loan from the Citizens Bank, the appellant could, and apparently did, receive some benefit from the standpoint of attempting to keep this knowledge that the Liberty Bank had from Mr. and Mrs. Stark. Furthermore, Finley v. Com., Ky., 259 S.W.2d 32 (1955), held that the forgery of a renewal note in order to get an extension of time was sufficient to show fraudulent intent.

The fifth contention relates to the admission of incompetent evidence. The appellant complains that the trial court committed reversible error in permitting the Commonwealth to introduce evidence of prior acts of misconduct. Mr. Stark testified to the following portions of the evidence:

"Q. 30. * * * Did you ever get anything from Mr. Davis for the money that was borrowed and turned over to him?

"A. Not a thing.

And again:

"Q. 52. How many meetings (of the WR & R Corporation) were ever held?

"A. Never a meeting.

"Q. 53. What assets do you know of that the corporation ever owned?

"A. It never owned any * * *.

"Q. 55. Did you ever do anything in this business venture other than supply the money?

"A. That's right."

In our opinion this evidence was so interwoven with the alleged offense that it should be considered competent as tending to show a motive, scheme or plan. Miller v. Com., 301 Ky. 66, 190 S.W.2d 864 (1945); Hedger v. Com., 294 Ky. 731, 172 S.W.2d 560 (1943). Furthermore, the appellant complains that the trial court should have admonished the jury as to the limited purpose for which this testimony could be received and considered, but the obvious answer here is that the appellant failed to request such an admonition.

The final contention is that the following interruptions and comments made in the presence of the jury by the trial judge during the cross-examination of the appellant by the Commonwealth exhibited disbelief in the appellant's testimony:

"BY THE COURT: Did you give him any collateral, Mr. Davis? Yes or no.

"WITNESS: Outside of a note, no sir.

"BY THE COURT: *Now you know whether you did or you didn't. Either you did or you didn't?*

"WITNESS: To my knowledge, I did not.

"MR. BURTON: Objection.

"BY THE COURT: He knows what he did with it.

"MR. BURTON: We object to the comments of the Court and we object to the constant badgering by the Commonwealth.

"BY THE COURT: Both of your objections are overruled.

"MR. BURTON: Exceptions.

"BY THE COURT: *Just a minute. You know whether he asked you that or not.*

"WITNESS: The notes, no, sir.

"BY THE COURT: Answer yes or no."

It is the opinion of this Court that this contention is without merit because the appellant was very evasive in regard to many of his answers. The trial judge was only trying to get the appellant to give a responsive answer rather than showing a disbelief in appellant's testimony. This was not prejudicial. Ragland v. Wickware, 27 Ky. 530 (1830).

The judgment is affirmed.